UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
STATE OF FLORIDA
ex rel. CHRISTINA STONE,

    Plaintiffs,

v.                                  Case No.: 8:18-cv-03135-T-MSS-AAS

NATURE COAST EMERGENCY
MEDICAL FOUNDATION, INC.
d/b/a/ NATURE COAST EMS,

    Defendant.
_____/

## ORDER

Defendant Nature Coast Emergency Medical Foundation, Inc. d/b/a Nature Coast EMS (Nature Coast) moves for entry of an order staying discovery pending resolution of Nature Coast's motion to dismiss relator Christina Stone's false claims act complaint (doc. 30). (Doc. 42). Ms. Stone opposes the motion. (Doc. 48).

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the

1

discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I.E.4. In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

Nature Coast does not argue that discovery would be prejudicial or create an undue burden. Instead, asserts that Ms. Stone failed to state a claim. (*See* Doc. 42). Nature Coast argues that Ms. Stone cannot move forward under Federal Rule of Civil Procedure 9(b) because she did not provide examples of false claims that Nature Coast submitted to the government. (*Id.*). In Ms. Stone's response to Nature Coast's motion to dismiss, Ms. Stone cited Eleventh Circuit cases allowing relators to proceed without specific claims. *See U.S. ex rel. Walker v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1353 (11th Cir. 2005); *Hill v. Morehouse Med. Assoc., Inc.*, No. 02-14429, 2003 WL 22019936, \*3 (11th Cir. Aug. 15, 2003).

In addition, Ms. Stone stated in her response to Nature Coast's motion to dismiss that although she has stated a claim, she is willing to amend her complaint if the court concludes her complaint is deficient. (Doc. 39, p. 13). Thus, the defendant failed to demonstrate that the resolution of its motion to dismiss will be truly case dispositive. *See Datto v. Fla. Int'l Univ. Bd. of Trustees*, No. 20-cv-20360, 2020 WL 3576195, at \*2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *see also Renuen Corp. v. Lameira*,

3

No. 6:14-cv-1754-Orl-41T, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2-3 (M.D. Fla. Oct. 1, 2014) (stay of discovery not warranted when it is unclear whether motion to dismiss will dispose of the entire case).

A preliminary review of Nature Coast's motion to dismiss reveals that it does not meet the stringent "clearly meritorious" standard. Nature Coast also failed to demonstrate prejudice or undue burden if discovery proceeds. Thus, the balance tips in favor of requiring discovery to go forward.

Accordingly, Nature Coast's Motion to Stay Discovery (Doc. 42) is **DENIED**.

**ORDERED** in Tampa, Florida on March 5, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4